HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN DOUGLAS DONAHOE, <br><br> Plaintiff, <br><br> v. <br><br> DAVID KAUTTER, et al., <br><br> Defendants. | CASE NO. C18-5631 RBL <br><br> ORDER DENYING IFP APPLICATION AS MOOT AND DISMISSING ACTION AS FRIVOLOUS |

THIS MATTER is before the Court on Plaintiff Kevin Douglas Donahoe's application to proceed *in forma pauperis* [Dkt. #1]. Because Donahoe paid the filing fee on August 8, 2018, his IFP application is **DENIED AS MOOT**. Pursuant to Fed. R. Civ. P. 12(b)(6), Donahoe's complaint is **DIMISSED** as frivolous.

**I. LEGAL STANDARD**

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit *pro se* litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). Nonetheless, a federal court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff cannot state a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307–08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision).

## II. DISCUSSION

Donahoe's proposed complaint names over fifty defendants including the President, all 50 state Governors, Facebook's corporate officers, Walmart, several banks, numerous local government officials, the IRS, the FBI, the U.S. Marshals Service, the Secret Service, the U.S. Post Office in downtown Olympia, members of Donahoe's own family, and approximately forty other individuals or organizations. Although he did not disclose it in his IFP application, Donahoe has previously filed several other lawsuits in this District that have been dismissed as unmeritorious or for a failure to prosecute:

- **3:07-cv-5240-RBL**. Donahoe filed a complaint on his own behalf and on behalf of New Technology Advantage against a dentist, various medical organizations, and the President of the United States. The Court granted Summary Judgment for all

Defendants after determining Donahoe's claims against the dentist were precluded by a suit that he previously lost in state court; that he failed to articulate cognizable claims against the medical association defendants, and that his claims against the President were without merit. *See* Dkt. 92.

- **3:10-cv-5631-BHS**. Donahoe filed suit against approximately 30 defendants including politicians, banks, a Justice on the Washington Supreme Court, Facebook, and Microsoft. The Court denied Donahoe's effort to amend his complaint for the Eighth time, determining he did not articulate any plausible claims and dismissed the case after Donahoe failed to show cause why he had not served any of the Defendants within 120 days of filing the complaint. *See* Dkt. 88; 89.

- **3:13-cv-5514-RBL**. Donahoe sought IFP status in a civil rights lawsuit against the State of Washington and Thurston County alleging he was improperly imprisoned. The Court observed multiple grounds on which the Complaint was deficient and dismissed the case. *See* Dkt. 7.

- **3:13-cv-5752-RBL**. Donahoe filed a lawsuit against several defendants including judges in this district, the Church of Scientology, Microsoft, and the Dr. Phil television show, in which Donahoe sought $80 billion in damages. The case was dismissed for failure to prosecute. *See* Dkt. 5; 7.

Donahoe's present complaint is of a similar vein, naming numerous government agencies, officials, and companies as defendants and alleging trillions of dollars in damages. According to the complaint, the events giving rise to his action "began at Thanksgiving 1985 and then really got bad on October 18, 2008." Dkt. 1 at 7. In addition to falling outside the statute of limitations, the details of the allegedly injurious conduct are sparse to non-existent. Donahoe's 35-page complaint can only be described as a frivolous stream-of-consciousness which fails to articulate any plausible claim with substance in law or fact against any of the named Defendants. Under different circumstances, the Court would direct a plaintiff to submit an amended

complaint addressing these deficiencies. In the present case, there is no likelihood that amendment will rectify the deficiencies identified by the Court. Because amendment would be futile and Donahoe cannot state a claim upon which relief may be granted, the Court has the authority to dismiss the case *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6). *Mallard*, 490 U.S. at 307–08; *Omar*, 813 F.2d at 991. Accordingly, this case is **DISMISSED** as frivolous.

IT IS SO ORDERED.

Dated this 9th day of August, 2018.

_____
Ronald B. Leighton
United States District Judge